UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Crim. No. 22-243 (MJD/DTS)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER FOR** |
| v. | ) | **DETENTION** |
| | ) | |
| MARCUS TRICE, | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to an Indictment warrant issued on or about September 21, 2022, law enforcement arrested Marcus Trice ("Mr. Trice") on September 22, 2022, and brought him before the Court for an initial appearance pursuant to a writ ad habeas corpus prosequendum. The Indictment charges Mr. Trice with possession with the intent to distribute methamphetamine (Count 1), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Because the Indictment alleges a Controlled Substance Act offense for which a maximum term of ten years or more is prescribed (here up to life imprisonment), the allegations in the charging instrument also carry a rebuttable presumption that no condition or combination of conditions will reasonably assure community safety, or Mr. Trice's appearance as required. *See* 18 U.S.C. § 3142(e)(3)(A).

1

During initial appearance proceedings on August 22, 2022, the government moved for continued detention pursuant to 18 U.S.C. § 3142 *et seq*. Mr. Trice was placed in the custody of the United States Marshal's Service, and the matter was scheduled for continued proceedings on August 26, 2022.

At the August 26, 2022, hearing, Mr. Trice was present and represented by F. Clayton Tyler, Esq. The Government was represented by Allen Slaughter, Assistant United States Attorney. The Court acknowledged the Government's prior motion for continued detention pursuant to 18 U.S.C. § 3142 *et seq*. The United States Department of Pretrial Services and Probation generated a report that recommended detention, identifying eight risks of non-appearance and eight risks of potential community danger. The Court insured Mr. Trice was apprised of and understood the allegations in the Indictment, which Mr. Trice confirmed he reviewed with his counsel before the hearing.

Mr. Trice, first through his counsel and then during a colloquy with this Court, waived his right to a hearing with regard to the issue of detention at this time.[1] As

---

[1] Defendant through his counsel made clear his anticipated motion to reopen detention proceedings pursuant to 18 U.S.C. § 3145 after he has further addressed other concerns regarding detention, particularly his bond/bail circumstances in Hennepin County. The government made clear it will not oppose a motion to reopen and reconsider the issue of detention on this basis.

2

part of this waiver, Mr. Trice indicated an understanding of his right to a hearing on the issue of detention. His waiver was clear and unequivocal.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. Based on the record before the Court, including consideration of the Indictment, the pretrial service report and information from the Department of Probation and Pretrial Services, the factors under 18 U.S.C. § 3142(g), and the government's motion, the Court concludes by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure Mr. Trice's appearance at further Court proceedings; and by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community if Mr. Trice is released pending trial.

2. First, the Court turns to the facts in the Indictment. While Mr. Trice is presumed innocent, Count 1 of the Indictment charges him with a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and involves the purported distribution of the especially dangerous substance fentanyl. Based on the allegations themselves the offense is significant. If convicted of this Count, he faces a significant term and a mandatory sentence of ten years imprisonment. In light of the facts above coupled

with the potential consequences he now faces, Mr. Trice is a risk of both non-appearance and community safety.

3. Consequently, the Court concludes that detention is appropriate, pursuant to 18 U.S.C. §§ 3142 *et seq*. There is no condition, or combination of conditions, which will reasonably assure Mr. Trice's appearance at court proceedings.

For the foregoing reasons,

IT IS HEREBY ORDERED that:

1. Pursuant to Rule 5.1(e) of the Federal Rules of Criminal Procedure, Mr. Trice is required to appear for further proceedings;

2. Mr. Trice is remanded to the custody of the United States Marshal until his next appearance in Federal Court; and

3. Mr. Trice shall be afforded reasonable opportunity to consult privately with his lawyers.

Dated: September 27, 2022

*s/ Jon T. Huseby*
JON HUSEBY
United States Magistrate Judge